**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL BAIN**<br>4442 Bowen Rd<br>Toledo, Ohio 43613 | * | Case No. |
| | * | Judge |
| Plaintiff, | * | **COMPLAINT; JURY DEMAND** |
| v. | | **ENDORSED HEREON** |
| | * | |
| **ARAMARK UNIFORM AND**<br>**CAREER APPAREL, INC.** | * | Francis J. Landry   (0006072)<br>Katherine A. Pawlak (0086885) |
| c/o CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219 | * | **WASSERMAN, BRYAN, LANDRY**<br> **& HONOLD LLP** |
| | * | 1090 W. South Boundary St<br>Suite 500 |
| | * | Perrysburg, Ohio 43551 |
| | * | Telephone:  (419) 243-1239<br>Facsimile:  (419) 243-2719 |
| Defendant. | * | Flandry308@aol.com<br>kpawlak@wblhlaw.com<br>Attorneys for Plaintiff<br>Michael Bain |

*     *     *     *     *     *     *     *

**JURISDICTION**

1.      Jurisdiction of this Court is proper pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201

and 2202.  This action, in part, is one for money damages, reinstatement, and liquidated damages

resulting from an alleged unlawful termination of employment in violation of the Family and

Medical Leave Act. This Court's supplemental jurisdiction is also invoked pursuant to 28 U.S.C.

Section 1367 over State statutory claims.

1

**PARTIES**

2.      Plaintiff, Michael Bain, is a citizen of the United States and a resident of the City of Toledo, County of Lucas, who was employed by Defendant from February of 2017 until his termination on April 8, 2020.  At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Family and Medical Leave Act and Chapter 4112 of the Ohio Revised Code in that it employed at all times material hereto more than fifty (50) employees.

3.      Defendant is a corporation duly organized under the laws of the state of Delaware, with a place of business in the County of Lucas, State of Ohio.  Defendant at all times had more than fifty (50) employees is also an employer within the meaning of the Family and Medical Leave Act and Ohio Revised Code Chapter 4112.

**GENERAL ALLEGATIONS**

4.       Plaintiff brings this action for damages for an unlawful termination of his employment. Plaintiff alleges that in terminating him, the Defendant did so in violation the Family and Medical Leave Act and the Ohio Revised Code.

5.      Plaintiff was employed by Defendant as a Route Sales Driver.

6.      While employed with Defendant, while at work, Plaintiff slipped on oil and pulled his rotator cuff. As a result, Plaintiff was forced to undergo surgery on his rotator cuff.

7.      After his surgery, Plaintiff was on restrictions.  However, Defendant forced Plaintiff to work beyond his restrictions, which caused him to re-injure himself.

8.      Defendant then lowered Plaintiff's pay and moved him to the factory.

9.      Plaintiff filed for workers compensation as a result of his injury at work.

10.     Plaintiff was eligible for FMLA, as he had worked more than 1250 hours in the prior year. However, Defendant did not inform Plaintiff that he was eligible for FMLA. Defendant was aware that Plaintiff suffered from an FMLA qualifying condition.

11.     On March 22, 2020, Plaintiff began feeling achy, with a sore throat, cough, and trouble breathing. Plaintiff informed Defendant.

12.     On March 27, 2020, Plaintiff was told that he only had three more days he could take off work. He explained about his symptoms, and that he was so sick he could barely raise his head.

13.     Plaintiff was told he needed to see a doctor. Plaintiff was not able to obtain a doctor to see him due to the covid-19 situation and he contacted the Lucas County Health Department who told him to stay home.

14.     Plaintiff called the Lucas County Health Department and CDC to report his symptoms.

15.     The Health Department instructed Plaintiff to stay in his home and quarantine for at least fourteen days. They instructed him to go to the emergency room only if symptoms worsened.

16.     Each day Plaintiff was off work, he contacted the plant and the GM via his cell phone to report that he would be off work due to his continuing Covid symptoms.

17.     On April 1, 2020, Defendant sent a letter to Plaintiff informing him that he had been released from his workers compensation injury with no restrictions as of March 20, 2020, and that if he did not contact Mike Pucak by April 8, they would assume he had voluntarily resigned his position.

18.     Plaintiff contacted Mike Pucak after receiving the letter.  However, when Plaintiff was able to return to work, he was informed that he was terminated for job abandonment.

19.     Defendant did not notify Plaintiff that he was eligible for FMLA due to his severe illness related to Covid-19.

3

**FIRST CLAIM FOR RELIEF**
**Disability Discrimination--Ohio Revised Code Sections 4412.02(A) and 4112.99 as amended**

20.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through nineteen (19) of this Complaint, supra, by reference in its entirety as if fully restated herein.

21.     Plaintiff states that at and prior to his discharge, he was a disabled individual within the meaning of Ohio Revised Code Section 4112.02(a)(13).  Alternatively, Plaintiff was disabled on the basis of his record of medical impairments and because he was perceived by defendant as being disabled.  Although disabled, Plaintiff is able to safely and substantially perform the essential functions of his job with an accommodation.  As stated previously, Plaintiff suffered from an injured rotator cuff, which required surgery.   Plaintiff states that the Defendant was at all times material hereto aware of his series of medical problems as he was injured on the job.

22.     Plaintiff's disabling condition severely impacted his daily life activities including but not limited to lifting, twisting, and pulling.

23.     Plaintiff states that Defendant discharged him on April 8, 2020.

24.      At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations.

25.     Allegedly Plaintiff was terminated for too many attendance points, and job abandonment.  However, Plaintiff should have received FMLA time off for his serious health condition, and should not have received the attendance points attributed to him.

26.      Plaintiff states that in discharging his employment, the Defendant violated and/or intentionally violated Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended on the basis of disability.

27.      As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits,

diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Family and Medical Leave Act**

28.    Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-seven (27) of this Complaint, supra, by reference in its entirety as if fully restated herein

29.    Plaintiff states that he suffered from an injured rotator cuff and then from Covid-19, which required the use of FMLA leave. Plaintiff states that the Defendant was at all times material hereto aware of his series of medical problems as he was injured on the job and applied for workers compensation, and then notified his employer of his covid-19 symptoms. Plaintiff states that on April 8, 2020, he was terminated allegedly because of attendance issues. However, Plaintiff was off work due to his Covid-19 symptoms, and he should have had FMLA time off to utilize. Plaintiff did not violate Defendant's attendance policy.

30.    Plaintiff contends that Defendant's action in terminating Plaintiff constituted interference with his right to use FMLA leave.

31.     Plaintiff states that at all times material hereto Defendant employed more than fifty employees and is a covered employer under the Family and Medical Leave Act. Plaintiff was employed by Defendant for more than one year before his termination and worked more than 1,250 hours during the year preceding his termination.

32.    As a proximate result of the acts of Defendant, Plaintiff has suffered the loss of his job position including back pay, future pay, and lost fringe benefits and pension benefits. Plaintiff has also suffered great mental and emotional stress, anxiety, humiliation, and embarrassment.  By

5

virtue of the willful violation of the act, Plaintiff is entitled to liquidated damages.  Plaintiff has also been forced to incur court costs and attorney's fees.

**THIRD CLAIM FOR RELIEF**
**Ohio Revised Code Section 4123.90—Worker's Compensation Retaliation**

33.    Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-two (32) of this complaint, supra, by reference in its entirety as if fully restated herein.

34.    Plaintiff states that as the result of an injury he filed a workers compensation claim.

35.    Plaintiff was then terminated on April 8, 2020. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations.

36.    Allegedly Plaintiff was terminated for too many attendance points.  However, Plaintiff was off work due to his Covid-19 symptoms, and he should have had FMLA time off to utilize. Plaintiff did not violate Defendant's attendance policy.

37.    Plaintiff states that, Defendant discharged Plaintiff because Plaintiff filed and participated in a workers compensation claim, in violation of Ohio Revised Code Section 4123.90.

38.    On June 30, 2020, Plaintiff notified Defendant of the claimed violation of Ohio Revised Code Section 4123.90.

39.    As a proximate result of the acts of the Defendant complained of herein, Plaintiff has suffered the loss of past and future wages. Plaintiff also has lost past and future commissions. Plaintiff has also suffered, as a proximate result of the acts of Defendant complained of herein, pain and suffering, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

    **WHEREFORE,** Plaintiff demands a judgment ordering reinstatement to his position and judgment against Defendant for compensatory and punitive damages for emotional distress,

anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff also seeks an amount of liquidated damages equal to his damages and his costs and attorney fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**


   s/Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Michael Bain

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and herewith demands a trial by jury as to all issues so triable in the within cause.


Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

   s/Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Michael Bain